**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **JENNIFER COMBS** <br> 6404 Farmstead Ct. <br> Louisville, KY 40291 <br><br> Plaintiff <br><br> v. <br><br> **MERCER TRANSPORTATION CO., INC.** <br> 306 W. Main St., Suite 512 <br> Frankfort, KY 40601 <br><br> Defendant. | : Civil Action No.: __3:26-cv-344-CHB__ <br> : <br> : Judge: _____ <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

---

## COMPLAINT WITH JURY DEMAND

---

Jennifer Combs states the following for her Complaint against Mercer Transportation Co., Inc.:

### INTRODUCTION

1.    This is an action for sex-based wage discrimination and retaliation.

2.    Plaintiff Jennifer Combs discovered that a male counterpart performing the same work was paid more than she was.

3.    After Plaintiff complained and requested equal pay, Defendant failed to address her concerns. Less than one month after Plaintiff raised the issue with Defendant's CEO, Defendant terminated her employment.

4.    Defendant's stated reason for termination was false and pretextual.

5.    Defendant terminated Plaintiff because she complained about unequal pay and opposed sex discrimination.

1

## PARTIES, JURISDICTION, AND VENUE

6.    Plaintiff Jennifer Combs is an adult resident of Jefferson County, Kentucky, residing at 6404 Farmstead Ct., Louisville, Kentucky 40291.

7.    Defendant Mercer Transportation Co., Inc. is a corporation doing business in Jefferson County, Kentucky, with its principal place of business at 1128 West Main Street, Louisville, Kentucky 40203.

8.    At all relevant times, Defendant was Plaintiff's employer within the meaning of the Equal Pay Act and KRS Chapter 344.

9.    This Court has federal-question jurisdiction over Plaintiff's Equal Pay Act claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206(d).

10.    This Court has supplemental jurisdiction over Plaintiff's Kentucky-law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's federal claim.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts and omissions complained of occurred in this judicial district and Defendant resides and conducts business in this district.

## BACKGROUND FACTS

12.    Plaintiff began working for Defendant in July 1997.

13.    Over the course of nearly three decades, Plaintiff performed her job duties without incident.

14.    Plaintiff consistently ranked as one of the top performers in her department.

15.    Plaintiff was a dedicated, long-term employee.

16. In late 2024, Plaintiff believed that a male counterpart in her department was being paid more than she was.

17. Plaintiff and her male counterpart performed the same work or comparable work requiring comparable skill, effort, and responsibility.

18. Upon information and belief, Plaintiff was nevertheless paid less than her male counterpart.

19. Concerned about the disparity, Plaintiff contacted Human Resources requesting a raise to bring her pay in line with her male counterpart.

20. Defendant did not respond.

21. On or about February 2025, Plaintiff met directly with Defendant's Chief Executive Officer.

22. During that meeting, Plaintiff again raised the issue that she was being paid less than a male counterpart for doing the same work.

23. Plaintiff asked to be compensated equally.

24. Plaintiff thereby opposed sex-based pay discrimination and invoked her right to equal pay.

25. Less than one month later, on March 5, 2025, Defendant terminated Plaintiff's employment.

26. Defendant claimed that Plaintiff had committed a policy violation.

27. The stated reason for termination was false and pretextual.

28. The conduct Defendant claimed justified termination was commonly engaged in by employees in Plaintiff's department without consequence.

29. Other employees who engaged in the same or similar conduct were not terminated.

30.    Defendant did not enforce the alleged policy uniformly.

31.    The close timing between Plaintiff's complaints about unequal pay and her termination demonstrates retaliatory motive.

32.    Defendant terminated Plaintiff not for a legitimate policy violation, but because Plaintiff complained about sex-based wage discrimination and demanded equal pay.

33.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, humiliation, embarrassment, and other damages.

34.    Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights.

## CLAIMS

### COUNT I
29 U.S.C. § 206(d) – Equal Pay Act

35.    Plaintiff restates and incorporates all paragraphs.

36.    The Equal Pay Act prohibits an employer from paying an employee at a rate less than that paid to an employee of the opposite sex for equal work on jobs requiring equal skill, effort, and responsibility and performed under similar working conditions, except where the differential is justified by a seniority system, merit system, production-based system, or another factor other than sex.

37.    Plaintiff and her male counterpart performed equal work requiring equal skill, effort, and responsibility under similar working conditions.

38.    Upon information and belief, Defendant paid Plaintiff less than it paid her male counterpart for that equal work.

39.    The pay differential was not based on a seniority system, a merit system, a system measuring earnings by quantity or quality of production, or any factor other than sex.

40.    The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

41.    Defendant's violation of the Equal Pay Act was willful.

42.    As a direct and proximate result of Defendant's Equal Pay Act violation, Plaintiff suffered unpaid wages and other damages.

**COUNT II**
KRS 344 – Gender / Sex Discrimination

43.    Plaintiff restates and incorporates all paragraphs.

44.    KRS 344 makes it unlawful for an employer to discharge or otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of sex.

45.    Defendant paid Plaintiff less than a male counterpart because of Plaintiff's sex.

46.    Defendant also terminated Plaintiff because of Plaintiff's sex.

47.    Defendant's stated reason for termination was pretext for unlawful sex discrimination.

48.     As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, humiliation, embarrassment, and reputational harm.

## COUNT III
KRS 344 – Retaliation

49.     Plaintiff restates and incorporates all paragraphs.

50.     KRS 344 makes it unlawful to retaliate or discriminate against a person because that person has opposed a practice declared unlawful by KRS Chapter 344 or has made a complaint concerning such practices.

51.     Plaintiff engaged in protected activity by complaining about sex-based wage discrimination and unequal pay.

52.     Defendant knew that Plaintiff had engaged in protected activity.

53.     Defendant terminated Plaintiff because she opposed unlawful sex discrimination.

54.     The close temporal proximity between Plaintiff's complaints and her termination supports a causal connection between the two.

55.     As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, embarrassment, and other damages.

**WHEREFORE**, Ms. Combs respectfully requests that this Court find for her and award her the following:

a. That Defendant be enjoined from further unlawful conduct as described in the Complaint;

b. Compensatory damages;

c. Lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions;

d. Statutory damages;

e. Interest;

f. Punitive damages;

g. Attorney's fees;

h. Costs;

i. Litigation expenses; and

j. All other relief this Court deems proper.

Respectfully Submitted,

*/s/ Robert L. Thompson*
Robert L. Thompson (KY: 98791)
THOMPSON LEGAL LLC
1230 S Hurstbourne Pkwy Suite 210
Louisville, KY 40222
P: 502-366-2121
F: 502-438-9999
Robert@RthompsonLegal.com
*Attorney for Plaintiff*

7

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

*/s/ Robert L. Thompson*

Robert L. Thompson (KY: 98791)